Case 1:19-cv-00041 Document 49 Filed on 07/15/22 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MADHAVAN PISHARODI, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-041 |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § § | |

## ORDER

In 2009, Plaintiff Dr. Madhavan Pisharodi signed a lease agreement for a safe deposit box with Defendant Wells Fargo Bank, N.A. (Petition, Doc. 1-4, 6) Dr. Pisharodi alleges that he stored gold and jewelry with an estimated value of $897,412,.60, and that the items remained there when he accessed the box in August 2013. (*Id.* at 7) He did not access the box again until April 2017, when he discovered that it was empty. (*Id.*)

In February 2019, Dr. Pisharodi filed suit against Wells Fargo, alleging breach of contract, civil conversion, negligence, and violations of the Texas Deceptive Trade Practices Consumer Protection Act in relation to the missing items from his safe deposit box. (*Id.* at 8–11) In December 2021, Wells Fargo moved for summary judgment as to all of Pisharodi's causes of action. (Motion, Doc. 31) A United States Magistrate Judge recommended that Wells Fargo's Motion for Summary Judgment be granted, and the Court agreed. (Amended R&R, Doc. 35; Order Adopting Amended R&R, Doc. 40) Accordingly, the Court issued a Final Judgment in favor of Wells Fargo on April 4, 2022. (Doc. 41)

Dr. Pisharodi then filed a Motion for New Trial/Reconsideration, arguing that the granting of summary judgment was based on a "manifest error of law". (Doc. 44) After the Magistrate Judge recommended that the Motion be denied (R&R, Doc. 46), Dr. Pisharodi timely filed objections (Doc. 47). As a result, the Court reviews the challenged portions of the Report and

1

Recommendation *de novo* and all other portions for clear error. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Based on the record and the applicable law, the Court agrees with the Report and Recommendation's conclusion that the Motion should be denied based on Dr. Pisharodi's failure to raise arguments that could, and should, have been raised at the summary judgment stage.

## I.

Dr. Pisharodi makes no objection to the Report and Recommendation's conclusion that the Motion should be denied on the sole basis that "[e]very one of the arguments raised in the [Motion] was available to Pisharodi in the summary judgment briefing, yet he chose not to raise many of them." (Doc. 46, 5) The Court finds no clear error in this portion of the Report and Recommendation, as a Rule 59 motion "cannot be used to raise arguments which could, and should, have been made before the judgment [was] issued," or "to argue a case under a new legal theory." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). This ground alone defeats Dr. Pisharodi's Motion.

In addition, "[a] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053 (5th Cir. 2008) (quoting *Simon*, 891 F.2d at 1159). A "[m]anifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation omitted).

Dr. Pisharodi contends that granting summary judgment in favor of Wells Fargo was a manifest error of law because Wells Fargo failed to establish the existence of an enforceable contract, and there are genuine disputes of material fact that preclude summary judgment. (Motion, Doc. 44, 9) In support of his position, Dr. Pisharodi's objections merely reassert the points he presented to the Magistrate Judge. The Court agrees with the analysis in the Report and Recommendation that these arguments are meritless.

## II.

As a result, the Court **OVERRULES** Dr. Madhavan Pisharodi's objections and **ADOPTS** the Report and Recommendation (Doc. 46).  It is:

**ORDERED** that Plaintiff Dr. Madhavan Pisharodi's Motion for New Trial/Reconsideration (Doc. 44) is **DENIED**.

The Court declines to amend its Final Judgment (Doc. 41).

Signed on July 15, 2022.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge